UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

BRANDON KOMMER, *on behalf of himself
and all others similarly situated*,

                              Plaintiff,

    -against-                                    1:17-CV-0296 (LEK/DJS)

FORD MOTOR COMPANY,

                              Defendant.

## DECISION AND ORDER

### I. INTRODUCTION

Plaintiff Brandon Kommer commenced this putative class action against defendant Ford Motor Company pursuant to New York General Business Law ("GBL") §§ 349 and 350 after the doors on his 2015 Ford F-150 XLT SuperCrew Cab truck malfunctioned. Dkt. No. 1 ("Complaint"). Ford's failure to disclose the existence of the defect forms the basis of Kommer's first amended complaint. Dkt. No. 11 ("FAC"). Presently before the Court is Ford's motion to dismiss the FAC. Dkt. Nos. 12 ("Motion"), 12-1 ("Memorandum"). For the reasons that follow, the Court denies Ford's Motion.

### II. BACKGROUND

#### A. Factual Background

The following facts are taken from the allegations in the FAC, which are assumed to be true when deciding a motion to dismiss for failure to state a claim. Bryant v. N.Y. State Educ. Dep't, 692 F.3d 202, 210 (2d Cir. 2012).

In October 2015, Kommer purchased a F-150 truck from New Country Ford in Saratoga Springs, New York. FAC ¶ 7. Kommer decided to purchase his truck after seeing Ford's advertisements on television and the Internet. Id. ¶¶ 22–23. Kommer claims that he was led to believe the door technology would work because Ford's advertisements for the F-150 highlighted the truck's durability and toughness. Id. ¶ 24. Soon after Kommer purchased his vehicle, however, the doors malfunctioned. Id. ¶ 27. Specifically, when the temperature fell below freezing, the doors would not latch closed, the locks would not open, and the door handles would not move. Id. ¶¶ 27–28.

Kommer alleges that, at the time that he purchased his truck, Ford knew that this model suffered from defective door handles and locks but failed to disclose the defect. Id. ¶¶ 25–27. On April 8, 2015, Ford issued a technical service bulletin ("TSB") that acknowledged that the door latches on some 2015 F-150 models, including Kommer's model, may not work "during or after freezing temperatures," and outlined steps dealers should take to address the problem. Dkt. 11-1 ("2015 TSB").[1] Ford issued a second TSB on November 18, 2016. Dkt. 11-2 ("2016 TSB"). The 2016 TSB provided the same information as the 2015 TSB, but acknowledged that the defect also affected 2016 and 2017 F-150 trucks. Id. at 2.[2]

Kommer alleges that he took his vehicle to a Ford dealership to repair the defective latch on five separate occasions between October 21, 2015, and February 14, 2017. FAC ¶¶ 53–57.

---

[1] When deciding a motion to dismiss, the Court may consider "documents attached to the complaint as exhibits or incorporated in the complaint by reference" in addition to those facts alleged in the complaint. Falso v. Ablest Staffing Servs., 328 F. App'x 54, 54 (2d Cir. 2009).

[2] The cited page numbers for this document refer to those generated by the Court's electronic case filing system ("ECF").

The dealership unsuccessfully attempted to repair Kommer's truck during each of the first three visits. Id. ¶¶ 53–55. During his fourth visit, on December 29, 2016, the dealership informed Kommer of the 2016 TSB, and ordered parts to repair his vehicle. Id. ¶ 50. The dealership performed the repair during Kommer's fifth visit on February 14, 2017, but Kommer's truck's side door failed once more on February 27, 2017. Id. ¶¶ 51–52.

### B. Procedural Background

Kommer filed his original Complaint against Ford on March 13, 2017, alleging that, under §§ 349 and 350, Ford affirmatively and by omission misrepresented the durability of its trucks in their advertisements. Compl. ¶¶ 28, 63–64. On April 12, 2017, Ford moved to dismiss the Complaint. Dkt. 5-1 at 9. The Court granted Ford's motion on July 28, 2017, and dismissed Kommer's affirmative misrepresentation claim with prejudice, but granted Kommer leave to amend his failure to disclose claim. Dkt. 10 ("July 2017 Order") at 13.

Kommer filed the FAC on August 8, 2017, again alleging violations of §§ 349 and 350. FAC ¶¶ 72–83. Specifically, he claims that Ford failed to disclose to consumers that his F-150 model had defective door latches and locks. Id. ¶ 73. On September 13, 2017, Ford moved to dismiss the FAC on the basis that (1) Kommer has not adequately alleged that Ford knew of the defect when he bought his truck; and (2) manufacturers should not have to disclose every potential defect to consumers at the point of sale. Mem. at 2, 4. Kommer filed a brief opposing the Motion, Dkt. No. 13 ("Response"), and Ford filed a reply, Dkt. No. 14 ("Reply").

### III. LEGAL STANDARD

To survive a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a "complaint must contain sufficient factual matter, accepted as

true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A court must accept as true the factual allegations in a complaint and draw all inferences in favor of the Plaintiff. Allaire Corp. v. Okumus, 433 F.3d 248, 249–50 (2d Cir. 2006). Plausibility, however, requires "enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of [the alleged misconduct]." Twombly, 550 U.S. at 556. The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. (quoting Twombly, 550 U.S. at 555). Where a court is unable to infer more than the mere possibility of the alleged misconduct based on the pleaded facts, the pleader has not demonstrated that she is entitled to relief and the action is subject to dismissal. Id. at 678–79.

## IV. DISCUSSION

GBL § 349 forbids "[d]eceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in th[e] state," and § 350 prohibits "[f]alse advertising in the conduct of any business, trade or commerce or in the furnishing of any service in th[e] state." Both statutes contain a private cause of action. §§ 349(h), 350(e)(3). To state a claim under either §§ 349 or 350, "a plaintiff must allege that a defendant has engaged in (1) consumer-oriented conduct that is (2) materially misleading and that (3) plaintiff suffered an injury as a result of the allegedly deceptive act or practice." Orlander v. Staples, Inc., 802 F.3d 289, 300 (2d Cir. 2015) (quoting Koch v. Acker, Merrall, & Condit Co., 967 N.E.2d 675, 675 (N.Y. 2012)). Since both statutes contain the same elements, courts address §§ 349 and 350

4

claims together. Tomasino v. Estee Lauder Cos., 44 F. Supp. 3d 251, 257–60 (E.D.N.Y. 2014); DeAngelis v. Timberpeg E., Inc., 858 N.Y.S.2d 410, 414 (App. Div. 2008).

Kommer alleges that Ford's failure to disclose that the door latches were potentially defective violates §§ 349 and 350. FAC ¶ 73. A seller's failure to disclose may form the basis of §§ 349 and 350 claims. Szymczak v. Nissan N. Am., No. 10-CV-7493, 2011 WL 7095432, at *16 (S.D.N.Y. Dec. 16, 2011). To state a failure to disclose claim, a plaintiff must plausibly allege that (1) "a business alone possesse[d] material information that is relevant to the consumer"; and (2) it "fail[ed] to provide this information." Dixon v. Ford Motor Co., No. 14-CV-6135, 2015 WL 6437612, at *8 (E.D.N.Y. Sept. 30, 2015); Szymczak, 2011 WL 7095432, at *16 (citing Oswego Laborers' Local 214 Pension Fund v. Marine Midland Bank, 647 N.E.2d 741, 745 (N.Y. 1995)). An omission is material if the business's failure to disclose is likely to mislead a reasonable consumer. Oswego Laborers' Local 214 Pension Fund, 647 N.E.2d at 745. Ford argues that Kommer's failure to disclose claim fails because (1) Kommer fails to allege that Ford knew of the defect when he bought his truck; and (2) "[r]equiring disclosures of each potential, repairable defect would . . . undermin[e] the effect of the disclosure." Mem. at 2–6.

**A. Ford's Knowledge of the Defect**

Ford argues that Kommer "has not shown that Ford was in exclusive possession of any knowledge of defect at the time that he bought his F-150." Mem. at 1. Specifically, Ford argues that (1) the 2015 and 2016 TSBs do not establish its knowledge; and (2) Ford did not exclusively possess information about the defect because TSBs are public documents. Id. at 1, 3.

5

*1. Adequacy of a TSB for Pleading Knowledge*

Ford argues that Kommer cannot rely on Ford's TSBs to allege Ford's knowledge of the defect in Kommer's truck because TSBs standing alone are insufficient to create an inference of knowledge. Mem. at 3–4, 9.

First, Ford cites Davisson v. Ford Motor Co., No. 13-CV-456, 2014 WL 4377792, at *9 (S.D. Ohio Sept. 3, 2014) for the proposition that "more is required to plead knowledge" than identifying a manufacturer's TSB that acknowledges a product defect. Id. at 3. However, Davisson analyzed whether TSBs sufficiently allege knowledge for purposes of a consumer fraud claim, which is subject to the heightened pleading standards of Rule 9(b). Id. at *9; see also Fed. R. Civ. P. 9(b) (stating that a plaintiff alleging a fraud claim must plead each element of the cause of action with particularity). Davisson concluded only that the TSB at issue in that case did not provide particularized allegations regarding "how or when Ford knew of the alleged defects." Id. By contrast, claims brought pursuant to §§ 349 and 350 are "not subject to the pleading-with-particularity requirements of Rule 9(b) but need only meet the bare-bones notice-pleading requirements of Rule 8(a)." Pelman ex rel. Pelman v. McDonald's Corp., 396 F.3d 508, 511 (2d Cir. 2005). Because Kommer need not comply with the heightened pleading standard at issue in Davisson, Ford's reliance on this case is unavailing.

Second, Ford cites a District of New Jersey opinion for the proposition that TSBs cannot support an allegation of knowledge, because TSBs "are generally the result of consumer complaints," and "[a]ccepting these advisories as a basis for consumer fraud claims may discourage manufacturers from responding to their customers in the first place." Mem. at 3 (quoting Alban v. BMW of N. Am., No. 09-CV-5398, 2011 WL 900114, at *12 (D.N.J. Mar. 15,

6

2011)). This concern is misplaced at the motion to dismiss stage. As a later District of New Jersey opinion stated when evaluating an identical argument, "[e]ven if there is a public policy rationale for excluding TSBs as evidence of a defect or an admission of liability, the Court will not now stretch that rationale to raise the bar that [Kommer] must meet at the pleading stage." Majdipour v. Jaguar Land Rover N. Am., LLC, No. 12-CV-7849, 2013 WL 5574626, at *18 (D.N.J. Oct. 9, 2013). The existence of the 2015 TSB creates a plausible inference that Ford, the TSB's author, knew of the defects in Kommer's F-150 when Kommer purchased the truck. This is all that Rule 8 requires. Accordingly, the Court rejects Defendant's public policy argument.

### 2. Ford's Sole Knowledge of the Defect

Ford argues that "TSBs are public documents, which means that they cannot constitute exclusive knowledge." Mem. at 4 (citing Darne v. Ford Motor Co., No. 13-CV-3594, 2017 WL 3836586 (N.D. Ill. Sep 1, 2017)). But in Darne, the TSBs Ford issued were "publicly available." Darne, 2017 WL 3836586, at *11. By contrast, Kommer alleges that Ford alone knew about the door lock and latch defects, and plausibly suggests that the TSBs discussing those defects were sent "quietly" and only distributed among "dealership service departments." FAC ¶ 4; see also id. ¶ 73 ("Defendant alone possessed material information that the door locks and latches on the F-150 trucks [did] not function correctly at temperatures at or below freezing."). The Court must accept as true the factual allegations in the FAC and resolve all plausible inferences in Kommer's favor. Allaire Corp., 433 F.3d at 249–50. Since Kommer alleges that the 2015 TSB was only disclosed to Ford dealerships and was not distributed to anyone outside the company, it is plausible that Ford had exclusive information regarding the door latches and locks defect when Kommer purchased his truck.

7

### B. Ford's Onerous Disclosure Arguments

Ford argues that the FAC should be dismissed because "requiring disclosures for all potential issues within a given vehicle would lead to long lists of issues that might never arise, diminishing the usefulness of any information the buyer receives." Mem. at 5. Furthermore, Ford argues that the fact that Kommer's F-150 was sold with a warranty agreement obviated the need for Ford to inform him of a potential vehicle defect at the point of sale. Id. Both arguments are meritless.

First, as stated above, §§ 349 and 350 only require a defendant to disclose *material* information to consumers, Dixon, 2015 WL 6437612, at *8, and an omission is only material if the business's failure to disclose is "likely to mislead a reasonable consumer acting reasonably under the circumstances." Oswego Laborers' Local 214 Pension Fund, 647 N.E.2d at 745. Therefore, contrary to Ford's assertion, it is not required to disclose "all potential issues within a given vehicle." Mem. at 5.

Second, the Court rejects Ford's argument that the existence of a warranty agreement obviated the need for Ford to disclose to Kommer the existence of the F-150's potential defects. Ford sold Kommer his F-150 with a warranty that "advised [Kommer] that" the vehicle was not "defect free" and promised to "remedy" newly discovered defects "during the warranty period." Id. Ford argues, with no analytical or legal support, that the existence of this warranty means that "no reasonable consumer [would] expect[] point-of-sale disclosures, and no reasonable consumer would be deceived by the absence of point-of-sale disclosures." Id. Accordingly, Ford argues, its failure to disclose the door and latch defect to Kommer was immaterial. The Court will not accept that, as a matter of law, consumers are indifferent to potential vehicle defects, even

8

significant defects, so long as the vehicle manufacturer promises to repair the defect. Further undermining Ford's assertion, numerous courts have permitted plaintiffs to bring misrepresentation-by-omission claims against vehicle manufacturers based on the manufacturer's failure to disclose product defects at the point-of-sale. E.g., Dixon, 2015 WL 6437612, at *9 (permitting plaintiff to bring misrepresentation-by-omission claim based on Ford's failure to disclose defect at point-of-sale and rejecting the argument that the existence of a warranty obviates the disclosure requirement); Doll v. Ford Motor Co., 814 F. Supp. 2d 526, 440 (D. Md. 2011) (stating that the plaintiffs "adequately pled a" misrepresentation-by-omission claim under GBL § 349 by alleging "that Ford misled consumers by withholding material information regarding the defective torque converter").

For these reasons, Ford's Motion is denied.

## V. CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that Ford's Motion (Dkt. 12-1) is **DENIED**; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Decision and Order on all parties accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED:   August 06, 2018
         Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge