UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

CASE NO. 1:17-CV-00296-LEK-DJS

BRANDON KOMMER,

Plaintiff,

v.

FORD MOTOR COMPANY,

Defendant.

## PRELIMINARY APPROVAL ORDER

The parties to the above-captioned action have entered into a Settlement Agreement (submitted to the Court on March 5, 2020) to settle the above-captioned putative class action in its entirety, and Named Plaintiff has filed an Unopposed Motion for (1) Preliminary Approval of Class Action Settlement; (2) Provisional Certification of the Settlement Class; (3) Appointment of Class Counsel; (4) Approval of Class Notice, and Dissemination of Class Notice; and (5) Setting a Hearing for Final Approval, and a supporting memorandum, which Ford supports. All capitalized terms used in this Order have the meaning as defined in the Settlement Agreement, which is incorporated herein by reference.

The Court has read and considered the Settlement Agreement and all the Exhibits thereto, including the proposed Class Notice. The Court finds that there is a sufficient basis for granting preliminary approval of the Settlement Agreement and authorizing the steps necessary to determine whether the Settlement Agreement should be finally approved and the Litigation dismissed (including the dissemination of Class Notice).

Accordingly, IT IS HEREBY ORDERED that:

1.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court conditionally certifies, for purposes of effectuating this Settlement only, a Settlement Class consisting of:

> All entities and natural persons in the United States (including its Territories and the District of Columbia) who currently own or lease (or who in the past owned or leased) a Class Vehicle. Excluded from the Settlement Class are: (1) all federal judges who have presided over this case and any members of their immediate families; (2) all entities and natural persons who delivered to Ford releases of all their claims; (3) Ford, its parents, subsidiaries, affiliates, officers, and directors; and (4) all entities and natural persons who submit a valid request for exclusion from the Settlement Class.

> "Class Vehicle(s)" means model year 2015-2018 Ford F-150 trucks and 2017-2018 Ford F-250, F-350, F-450, and F-550 trucks sold or leased in the United States, as well as model year 2019 Ford F-150, F-250, F-350, F-450, and F-550 trucks sold or leased in the United States that were built at Ford's Dearborn Assembly Plant before February 26, 2019, Ford's Kansas City Assembly Plant before March 4, 2019, Ford's Kentucky Assembly Plant before March 5, 2019, or Ford's Ohio Assembly Plant before March 11, 2019.

2.      The Court hereby appoints Named Plaintiff Brandon Kommer to serve as class representative.

3.      The Court hereby appoints Jeffrey I. Carton, Esq., Robert J. Berg, Esq., and the law firm Denlea & Carton LLP, 2 Westchester Park Drive, Suite 410, White Plains, NY 10604, to serve as Class Counsel.

4.      The conditional certification of this action as a class action is for settlement purposes only and the appointment of Class Counsel shall be terminated and without further force or effect and without prejudice to any party in connection with any future proceedings in these actions, including any future motion with respect to class certification, if:

2

a. the Court does not give final approval to the Settlement Agreement and enter the Final Order and Judgment substantially in the form appended to the Settlement Agreement; or

b. this Court's approval of the Settlement Agreement and/or entry of the Final Order and Judgment are reversed on appeal.

5. The terms of the Settlement Agreement are sufficiently fair, reasonable, and adequate to allow dissemination of the Class Notice to the members of the Settlement Class. This determination permitting notice to the Settlement Class is not a final finding that the Settlement Agreement is fair, reasonable, and adequate, but simply a determination that there is probable cause to disseminate Class Notice to the Settlement Class Members and hold a hearing on final approval of the proposed Settlement.

6. The Settlement Administrator is authorized and directed to establish an administrative mechanism for receiving requests from Settlement Class Members to exclude themselves from the Settlement Class.

7. In conjunction with moving for final approval, Class Counsel may apply to the Court for an award of attorneys' fees and expense reimbursement covering all legal services provided to the Named Plaintiff and Settlement Class Members in connection with the Litigation and settlement of the Litigation (the "Fee and Expense Application"). The Fee and Expense Application shall be filed by October 19, 2020, and shall seek a maximum of $1,300,000 in attorneys' fees and verified expenses to be paid from the Qualified Settlement Fund.

8. Also in conjunction with moving for final approval, Class Counsel may submit an application by October 19, 2020, for a $7,500 service award for the Named Plaintiff, to be paid from the Qualified Settlement Fund.

9.     Pursuant to Rule 23(e)(2) of the Federal Rules of Civil Procedure and 28 U.S.C. § 1715(d), a hearing (the "Fairness Hearing") shall be held on ___December___ __02_, 2020 at _10:30_ a.m. before the undersigned at the James T. Foley U.S. Courthouse, 445 Broadway, Courtroom 1, Albany, New York, 12207 for the purpose of finally determining whether the proposed Settlement Agreement is fair, reasonable, and adequate and should be approved by the Court via entry of the Final Judgment and Order attached to the Settlement Agreement and, if so, what amount of reasonable attorneys' fees and reasonable reimbursement of costs and expenses should be awarded to Class Counsel, and whether a Service Award shall be granted.

10.     The Court directs that JND Legal Administration act as the Settlement Administrator.

11.     Approval is hereby given to the form of both the Short Form Class Notice and the Long Form Class Notice (together, the "Class Notice"), attached to the Settlement Agreement as Exhibits 1 and 2, to Settlement Class Members. The Court finds that the Class Notice reasonably informs the Class Members of the material terms of the Settlement and their rights and responsibilities in connection with the Settlement, informs the class about the allocation of attorneys' fees, and provides specific information regarding the date, time, and place of the final approval hearing, and once distributed pursuant to the Plan of Distribution detailed below, constitutes valid, due, and sufficient notice to Settlement Class Members in full compliance with the requirements of applicable law, including the Due Process Clause of the United States Constitution. The costs of providing Class Notice to the Settlement Class Members shall be drawn from the Qualified Settlement Fund.

12.     The Court authorizes the Settlement Administrator, JND Legal Administration, through data aggregators or otherwise, to request, obtain, and utilize vehicle registration

4

information from the Department of Motor Vehicles for all 50 states, the District of Columbia, Puerto Rico, and all other United States territories and/or possessions for the purposes of identifying the identity of and contact information for purchasers and lessees of Class Vehicles. Vehicle registration information includes, but is not limited to, owner/lessee name and address information, registration date, year, make, and model of the vehicle.

13. On or before _September_ _01_ , 2020, the Settlement Administrator shall cause to be delivered by United States Postal Service first-class mailing, postage prepaid, copies of the Short Form Class Notice containing the language in Exhibit 1 to the Settlement Agreement to be mailed to the current address of each original and subsequent purchaser or lessee of a Class Vehicle for whom the Settlement Administrator can reasonably obtain an address. On or before _September_ _01_ , 2020, the Settlement Administrator shall cause to be posted on a settlement website that it shall establish and maintain the Long Form Class Notice containing the language in Exhibit 2 to the Settlement Agreement. The Court finds that such individual notice is the best notice practicable under the facts and circumstances of this case.

14. If it has not done so already, Ford shall provide to the Attorney General of the United States and the attorneys general of the states and territories in which Settlement Class Members reside the information specified in 28 U.S.C. § 1715 by the deadline established in that statute.

15. The Settlement Administrator shall provide a declaration attesting to its compliance with its notice obligations not less than fourteen days prior to the Fairness Hearing. The declaration shall include:

      a. the total number of Settlement Class Members;

b.      a sample copy of the Short Form Class Notice and the Long Form Class Notice;

c.      the process by which the Settlement Administrator obtained a mailing list for the Short Form Class Notice;

d.      the number of Short Form Class Notices mailed and the range of dates within which such Notices were mailed; and

e.      the number of Short Form Class Notices returned to the Settlement Administrator by the United States Postal Service.

16.      Each potential Settlement Class Member who wishes to be excluded from the Settlement Class must submit via United States Postal Service first-class mailing a Request for Exclusion to the address specified in the Class Notice, which address shall be a site under the Settlement Administrator's control.  Such Requests for Exclusion must be received at that address on or before   November    02 , 2020.  To be effective, the Request for Exclusion must:

a.      include the Settlement Class Member's full name, address, and telephone number;

b.      identify the model, model year, and vehicle identification number of his, her or its Class Vehicle;

c.      specifically and unambiguously state his, her, or its desire to be excluded from the Settlement Class in *Kommer v. Ford Motor Company*; and

d.      be individually and personally signed by the Settlement Class Member (if the Settlement Class Member is represented by counsel, the Request for Exclusion additionally must be signed by such counsel).

17.     Any Settlement Class Member who fails to submit a timely and complete Request for Exclusion to the required address, or communicates his, her, or its intentions regarding membership in the Settlement Class in an ambiguous manner, shall be subject to and bound by all proceedings, orders, and judgments of this Court pertaining to the Settlement Class pursuant to the Settlement Agreement unless determined otherwise by the Court. Any communications from Settlement Class Members (whether styled as an exclusion request, an objection, or a comment) as to which it is not readily apparent that the Settlement Class Member meant to request an exclusion from the Class will be evaluated jointly by counsel for the Parties, who will make a good-faith evaluation if possible. Any uncertainties about whether a Settlement Class Member requested to exclude himself, herself, or itself from the Settlement Class will be resolved by the Court.

18.     The Settlement Administrator shall tabulate Requests for Exclusion from prospective Settlement Class Members and shall report the names and addresses of such persons to the Court, Ford, and Class Counsel no less than fourteen days before the Fairness Hearing.

19.     Any Settlement Class Member who intends to object to the fairness of the Settlement Agreement (including Class Counsel's Fee and Expense Application) must, by _November_ _02_, 2020, file any such objection with the Court, and provide copies of the objection to: (1) Jeffrey I. Carton, Esq. of Denlea & Carton LLP, 2 Westchester Park Drive, Suite 410, White Plains, NY 10604; and (2) Peter J. Fazio, Esq., of Aaronson Rappaport Feinstein & Deutsch, LLP, 600 Third Avenue, New York, NY 10016. Any objection to the Settlement Agreement must be individually and personally signed by the Settlement Class Member (if the Settlement Class Member is represented by counsel, the objection additionally must be signed by such counsel), and must include:

a.    the objector's full name, address, and telephone number;

b.    the model, model year, and vehicle identification number of his, her, or its Class Vehicle(s), along with proof that the objector has owned or leased a Class Vehicle (*i.e.*, a true copy of a vehicle title, registration, or license receipt);

c.    a written statement of all grounds for the objection accompanied by any legal support for such objection;

d.    copies of any papers, briefs, or other documents upon which the objection is based;

e.    a list of all cases in which the objector and/or their counsel has filed or in any way participated in—financially or otherwise—objections to a class action settlement in the preceding five years;

f.    the name, address, email address, and telephone number of all attorneys representing the objector; and

g.    a statement indicating whether the objector intends to appear at the Fairness Hearing, and if so, a list of all persons, if any, who will be called to testify in support of the objection.  Any member of the Settlement Class who does not properly file a timely written objection to the settlement and notice of his, her, or its intent to appear at the Fairness Hearing shall be foreclosed from seeking any adjudication or review of the Settlement by appeal or otherwise.

20.    The parties to this Litigation and to the Settlement Agreement shall file any memoranda or other materials in support of final approval of the Settlement Agreement,

including in response to any timely and properly filed objection to the Settlement Agreement, no later than fourteen days prior to the Fairness Hearing. Such materials shall be served on Class Counsel, counsel for Ford, and on any member of the Settlement Class (or their counsel, if represented by counsel) to whose objection to the Settlement Agreement the memoranda or other materials respond.

21.     Following the Fairness Hearing, and based upon the entire record in this matter, the Court will decide whether the Settlement Agreement should be finally approved and, if so, what amount of reasonable fees and expenses should be awarded to Class Counsel, and whether a Service Award of up to $7,500 will be awarded to the Named Plaintiff. If the Court determines the Settlement is reasonable, fair, and adequate, the Court will issue a Final Order and Judgment memorializing its decision in the form contemplated by Exhibit 4 of the Settlement Agreement. The Court will also issue an Order awarding fees and expenses to Class Counsel in an amount it finds reasonable but, in any event, of no more than $1,300,000.

22.     Pending final determination of the motion for approval of this Settlement Agreement, all proceedings in this Litigation other than settlement approval proceedings shall be stayed and all Settlement Class Members who do not validly request exclusion from the Settlement Class shall be enjoined from commencing or prosecuting any action, suit, proceeding, claim, or cause of action in any court or before any tribunal based on alleged malfunctions of a Door Latch in the Class Vehicles.

SIGNED at Albany, New York on this  4   day of   May    , 2020.


Lawrence E. Kahn
Senior U.S. District Judge